IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| TRUSTEES OF THE PAMCAH-UA LOCAL 675 TRUST FUNDS (Reggie Castanares, Val Ceria, Robert M. Fernandez, Sam Fujikawa, Kent A. Matsuzaki, Gregg Serikaku and Mark K. Suzuki), by and through their Administrator, FRANCIS CHUN,<br><br>      Plaintiffs,<br><br>  vs.<br><br>UNIVERSAL AIR CONDITIONING AND REFRIGERATION INC.,<br><br>      Defendant.<br>_____ | CV. NO. 08 00037 HG BMK<br><br>FINDING AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT UNIVERSAL AIR CONDITIONING AND REFRIGERATION, INC. BE GRANTED |

FINDING AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT UNIVERSAL AIR CONDITIONING AND REFRIGERATION, INC. BE GRANTED

Having reviewed the motion for default judgment of Plaintiffs Trustees of the PAMCAH-UH Local 675 Trust Funds ("Plaintiffs" or "Trust Funds"), and considering the documents and evidence in support thereof, the representations of counsel, and the files and records herein, the Court finds and recommends as follows:

1. The Trust Funds are express trusts created by a written trust agreement subject and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§ 1002 and 1003), are multiple employee benefit plans organized and existing under the laws of the United States, and have their principal place of business in the City and County of Honolulu, State of Hawaiʻi.  The Trust Funds provide fringe benefits (which include the Pension, Health and Welfare, Vacation and Holiday, Training, Annuity and Cooperation Trust Funds) to Defendant Universal Air Conditioning and Refrigeration Inc.

2. Defendant Universal Air Conditioning and Refrigeration Inc. ("Universal") is a domestic profit corporation with its principal place of business in the State of Hawaiʻi.

3. The Trust Funds receive, manage and administer employee benefits for plumber and mechanical employees of Universal, which benefits are derived from money contributions paid by Universal in consideration of and for labor, materials and other services furnished by those plumbers and mechanical employers under certain collective bargaining agreements and trust agreements appurtenant thereto ("Agreements") between Universal and Local 675 of the United Association of Journeymen and Apprentice Plumbers and Pipefitters of the United States and Canada ("Union").

4. Universal entered into the Agreements with the Union covering all plumbers, mechanical contractors, and other workers described in the Agreements (hereinafter, collectively referred to as "plumber and mechanical contractor" or "plumbers and mechanical contractors") employed by Universal in the State of Hawaiʻi, and agreed to be subject to and bound by all terms and conditions of the various trust agreements.

5. Pursuant to the Agreements, Universal promised to contribute and pay to the Trust Funds certain amounts for employee benefits for work performed by Universal's covered employees, which amounts would be paid to the Trust Funds on or before the due dates specified in the Agreements.

6. Pursuant to the Agreements, Universal also promised to submit timely reports to the Trust Funds regarding hours worked by Universal's covered employees, which reports would be submitted to the Trust Funds on or before the due dates specified in the Agreement, to permit audits of its payroll records to allow the Trust Funds to ascertain whether all contributions due have been paid, and to post a surety bond or cash-in-escrow to secure payment or contributions if required by the Trust Funds.

7. Specifically, under the Agreements, Universal must report to the Trust Funds on the 20th day of each month the hours worked by each plumber and mechanical contractor employee during the previous month.

8. Furthermore, under the Agreements, Universal must contribute to the Trust Funds on the 20th day of each month sums of money to be held in trust by Plaintiffs as employee benefits for Universal's plumber and mechanical contractor employees. These contributions are calculated by multiplying the hours worked the previous month by Universal's plumber and mechanical contractor employees by the applicable contribution rates specified in the Agreements.

9. Under the Agreements, Universal promised that if any monthly contributions were past due, Universal would pay to each respective trust fund liquidated damages calculated at ten percent (10%) of the contribution due to each respective fund, for the period beginning on the first date of the delinquency and ending on the 20th day of the month following the date the contributions become delinquent, and thereafter calculated at twenty percent (20%) of the delinquent amount.

10. Under the Agreements, Universal moreover promised to provide the Trust Funds with any documentation and information required by the Trust Funds to verify whether or not Universal was reporting the correct hours worked each month and whether or not Universal was paying the correct contribution sums to the Trust Funds.

11. Also under the Agreements, Universal further promised that if the Trust Funds brought legal action to enforce the Agreements against it,

Universal would pay all of the Trust Funds' court and audit costs, audit fees, and reasonable attorneys' fees of 25% of the total amount of contributions and damages due.

12.     Under the Agreements, the Plaintiff Trustees are authorized and empowered to have authorized representatives of the Trust Funds' Administrative Office examine and audit Universal's payroll books and records to permit the Trust Funds to determine whether Universal is making full payment as required under the Agreements.

13.     Universal breached the Agreements and is liable to the Trust Funds by its continuous failure to perform under the terms of the Agreements, including (a) failing to submit its reports to the Trust Funds, (b) failing to permit an audit of its payroll books and records, (c) failing to timely pay the Trust Funds the employee benefit trust fund contributions owed by Universal for work performed by its plumber and mechanical contractor employees during the period of September 2007 through January 2008; and (d) failing to timely pay the Trust Funds liquidated damages owed for the unpaid contributions.  Despite proper demand, Universal continues to fail, neglect and refuse to comply with its obligations under the Agreements.

14. On January 24, 2008, Plaintiffs filed a *Complaint for Specific Performance, Assumpsit and Damages* ("Complaint") against Universal to enforce

the terms of the Agreement, alleging that Universal materially breached the terms of and its obligations under the Agreements by, among other things, failing to timely submit all monthly employee benefit contribution reports as required under the Agreements, failing to timely submit payments due on the reports, failing to pay any and all liquidated damages incurred upon Universal's untimely submission of contribution payments, and failing to produce payroll records for an audit, despite numerous demands by Plaintiffs.  Universal was served through its owner, Rick Hore, on February 20, 2008.  Universal never responded, defended or answered the Complaint and the Clerk of this Court entered its default on March 12, 2008.

   15. Universal is not an infant or an incapacitated person and has not sought to set aside its default in this action.

   16. Universal failed to pay the Trust Funds contributions in the amount of $21,722.58, plus liquidated damages in the amount of $294.81, for a total of $22,017.39, for the periods of September 2007 through January 2008.

   17. The Trust Funds have incurred attorneys' fees in the amount of $1,554.97, and costs in the amount of $567.54, from January 18, 2008 through March 20, 2008.  In addition, Plaintiffs expect to incur additional legal fees in the amount of $896.73 through entry of default judgment.

IT IS HEREBY RECOMMENDED that the Motion be granted and that a Default Judgment be entered in favor of Plaintiffs and against Universal as in the amount of $21,722.58 in delinquent contributions, $294.81 in liquidated damages, reasonable attorneys' fees in the amount of $2,451.70, and costs in the amount of $567.54, for a total judgment amount of **$25,036.63**. Furthermore, it is RECOMMENDED that Plaintiffs be permitted to audit Universal's payroll books and records pursuant to the terms of the Agreement.

IT IS SO FOUND & RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: April 30, 2008

---

*Trustees of the PAMCAH-UA Local 675 Trust Funds v. Universal Air Conditioning and Refrigeration, Inc.;* CV. NO. 08-00037 HG BMK; FINDING AND RECOMMENDATION THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT UNIVERSAL AIR CONDITIONING AND REFRIGERATION, INC. BE GRANTED.